86 F.3d 1166
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Martin GONZALES, Petitioner-Appellant,
v.
John SHANKS, Warden of Central New Mexico Correctional
Facility; New Mexico Attorney General,
Respondents-Appellees.
 No. 94-2118.
(D.C. No. CIV-90-790 HB)
 United States Court of Appeals, Tenth Circuit.
 June 3, 1996.
 
 Before SEYMOUR, Chief Judge, KELLY and MURPHY, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Martin Gonzales brought this habeas corpus action under 28 U.S.C. § 2254, contending that the state trial court denied him his Sixth Amendment right to confront witnesses by preventing him from cross-examining his co-defendant, Phillip Lara, regarding the light sentence Mr. Lara received after implicating Mr. Gonzales in the crime for which he was charged. The magistrate judge determined that the state trial court had indeed violated Mr. Gonzales' right to confrontation, citing Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). The state does not appeal this ruling. The magistrate judge further determined, however, that the error was harmless. Mr. Gonzales appeals, and we affirm.
 
 
 3
 Mr. Gonzales first argues that the harmless error test of Chapman v. California, 386 U.S. 18 (1967), applies to this habeas case rather than the harmless error test articulated in Brecht v. Abrahamson, 113 S.Ct. 1710 (1993), because the state appellate court found no error rather than harmless error, see Starr v. Lockhart, 23 F.3d 1280, 1292 (8th Cir.1994). We recently rejected this argument under similar circumstances in Brewer v. Reynolds, 51 F.3d 1519, 1529 (1995). Consequently, the magistrate judge correctly held that the Brecht harmless error test applies here.
 
 
 4
 Mr. Gonzales also contends that even under the Brecht test, the error was not harmless. Brecht requires us to determine "whether the error 'had substantial and injurious effect or influence in determining the jury's verdict.' " 113 S.Ct. at 1722 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). See also O'Neal v. McAninch, 115 S.Ct. 992 (1995). After reviewing the record, we agree with the magistrate judge that the error was harmless under the Brecht standard. In addition to Mr. Lara's identification, Mr. Gonzales was identified with certainty by Deputy Sheriff Romano. Moreover, Mr. Lara implicated Mr. Gonzales in a statement to the police immediately after Mr. Lara was arrested, he pled guilty without an agreement with the prosecutor, and Mr. Gonzales was permitted to significantly impeach Mr. Lara's trial testimony with his admitted lies during the early part of the preliminary hearing. On this record, we are not persuaded that the constitutional error was harmful within the meaning of Brecht.
 
 
 5
 The judgment of the district court denying Mr. Gonzales' habeas corpus petition is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions 10th Cir. R. 36.3